

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RONNIE LESHA ANDERSON,

    Petitioner,

v.                                              Civil Action No. **3:14CV847**

DIRECTOR OF THE VIRGINIA DEPARTMENT
CORRECTIONS,

    Respondent.

### REPORT AND RECOMMENDATION

Ronnie Lesha Anderson, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition"). Respondent has moved to dismiss the action (ECF No. 9). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DISMISSED because the § 2254 Petition is barred by the relevant statute of limitations.

**A.**    **Pertinent Procedural History**

On July 22, 2013, following a guilty plea, the Circuit Court of the City of Virginia Beach ("Circuit Court") entered final judgment against Anderson for the crime of aggravated sexual battery of a victim of less than thirteen years of age. *Commonwealth v. Anderson*, No. CR13-422, at 1-2 (Va. Cir. Ct. July 22, 2013.) The Circuit Court sentenced Anderson to an active term of imprisonment of three years and six months. *Id.* at 1. Anderson did not appeal.

On December 12, 2014, Anderson executed his initial federal petition for a writ of habeas corpus and presumably handed it to prison officials for mailing to this Court.[1] (ECF No. 1, at 6.) Thereafter, by Memorandum Order entered on January 13, 2015, the Court directed Anderson to file his claims for habeas relief on the standard form for filing a petition under 28 U.S.C. § 2254. On January 27, 2015, the Court received Anderson's § 2254 Petition wherein he asserts the following claims:[2]

Claim One: Exculpatory Evidence. It was brought to my attention that the victim said she did not know who touched her while she was [a]sleep. (§ 2254 Pet. 6.)[3]

Claim Two: Evidence wasn't presented to show that I did or didn't touch the victim. A motion for discovery was not presented. Interviews and interrogations to prove I did or didn't touch her was not also presented. (*Id.* at 7.)

---

[1] The Court presumes the § 2254 action is filed as of this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] The Court corrects the capitalization, spelling, and punctuation in the quotations from Anderson's submissions.

[3] Whether some unidentified third party touched the victim while she was asleep appears immaterial to Anderson's guilt. It was undisputed that Anderson had molested the victim. Specifically, at his guilty plea, Anderson stipulated the prosecution's evidence would show that:

> [O]n November 9, 2012, at 6 a.m. the victim ... age 11 ... was sleeping on the couch in the living room of her home .... Other people were also sleeping in the living room, including the defendant Ronnie Anderson. [The victim] felt something unusual and saw [Anderson] had unzipped her jeans and had his hand inside her pants on top of her underwear rubbing on her vagina. [The victim] pretended to be asleep and brushed [Anderson's] hand away. [The victim] told her Mother that same morning what happened. [Anderson] was interviewed by Detective R.E. Simpson and admitted to touching [the victim]. (see attached.)

Stipulation of Facts at 1, *Commonwealth v. Anderson*, No. CR13-000422 (Va. Cir. Ct. Mar. 13, 2013) (punctuation and capitalization corrected).

2

**B.   Analysis**

**1.   Statute of Limitations**

Respondent contends that the federal statute of limitations bars Jones's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2. **Commencement and Running of the Statute of Limitations**

Under 28 U.S.C. § 2244(d)(1)(A), Anderson's judgment became final on Wednesday, August 21, 2013, when the time for filing a notice of appeal from his conviction expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5:9(a) (providing no appeal allowed unless notice of appeal filed within thirty days of final judgment). Hence, Anderson was required to file his § 2254 Petition by August 21, 2014. He did not do so. Therefore, the statute of limitations bars § 2254 Petition unless Anderson demonstrates entitlement to a belated commencement of the limitation period or some equitable basis for avoiding the statute of limitations.

3. **Anderson's Attempts to Excuse His Untimely Petition**

Anderson suggests that his § 2254 Petition is timely because:

> I have found out that there is exculpatory evidence that was withheld from the Court. After I was sentenced, I later found out that things was withheld. At the time, I did not know anything about a writ of habeas corpus. It was more than a year later when I was informed about a writ of habeas corpus. Thus eradicating any justiciable outcome proceeding from my trial. The lack of evidence that was needed to produce a just trial was not presented.

(§ 2254 Pet. 14.) Anderson apparently contends his § 2254 Petition is timely because: (1) he was ignorant of his ability to file a petition for a writ of habeas corpus; and (2) he was unaware of some allegedly unidentified exculpatory information until after he was

sentenced. As explained below, Anderson fails to demonstrate that either of these circumstances render his § 2254 Petition timely.

### 4. Belated Commencement

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) (permitting belated commencement to the date when petitioner, acting with reasonable diligence, could have discovered that he retained a right to appeal). Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *See Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). Due diligence "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Anjulo–Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Anderson fails to demonstrate that he acted with due diligence.

A habeas applicant who, like Anderson, "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date under which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). *See id.* at 1540-41

(rejecting petitioner's assertion that he could not have discovered his new *Brady* claim prior to filing his first § 2254 petition). Here, Anderson fails to offer any facts tending to show he acted with diligence with respect to the unidentified exculpatory information or the right to pursue habeas relief. *See id.* Moreover, if Anderson had simply inquired of his counsel, he could have discovered whether he had a right to pursue a petition for a writ of habeas corpus. Additionally, Anderson fails to suggest why some simple research in the jail law library would not have revealed his right to pursue habeas relief.

### 5. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" demonstrating that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). As explained above, Anderson's cursory allegations failed to carry his burden to demonstrate that he acted with the requisite diligence. Moreover, Anderson's ignorance of his ability to file for habeas relief fails to constitute an extraordinary circumstance that would warrant equitable tolling. It is well established that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir.

2004) (citations omitted). "Simply put, [Anderson] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *O'Neill v. Dir., Va. Dep't of Corr*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011).

C.  **Conclusion**

Accordingly, it is RECOMMENDED that the Motion to Dismiss (ECF No. 9) be GRANTED, the action be DISMISED, and the Court DENY a certificate of appealability.

Anderson is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Anderson and counsel for Respondent.

It is so ORDERED.

/s/
Roderick C. Young
United States Magistrate Judge

Date: OCT 28 2015
Richmond, Virginia